Matthias, J.
The decisive question raised by the demurrer in this case is whether a county board of education may effectuate the transfer of more than one school district in a single resolution.
This question must be determined by an interpretation of Section 3311.23, Revised Code, the pertinent part of which reads as follows:
“If a county board of education deems it advisable to transfer a part or all of the territory comprising a local school district within the county school district to an adjoining county school district or to an adjoining city or exempted village school district, such transfer may be made by the county board of education by the adoption of a resolution providing for such transfer. Such a transfer shall not take effect if, within 30 days after the filing of the map showing boundaries as required by paragraph (C) of this section, a majority of the qualified electors residing in the territory transferred voting at the last general election file with the county board of education a written remonstrance against such transfer. A county board of education may accept a transfer of territory from another county school district or from a city or exempted village school district and annex such territory to a contiguous local school district of the county school district.”
An examination of this section shows that it is written in the singular, that is, it says “a local school district” and “a resolution,” and although this is not necessarily controlling it is persuasive when considered in relation to the legislative intent as evidenced by the remainder of this section.
This section provides further that a remonstrance to stop such transfer may be filed by a majority of the qualified electors residing in the territory transferred, thus clearly showing that the General Assembly intended to vest in the residents of each district the final right of self-determination as to the transfer of school territory in their district.
A remonstrance is filed against the transfer of territory by the residents of the territory transferred, and the territory transferred is that shown by the resolution. If it should be concluded that more than one district may be included in a resolution, we would have the situation where a majority of *95 persons residing in one district, who objected to a transfer of their territory, could, by procuring sufficient signatures to a remonstrance, stop the transfer of the territory included in their district as well as that of another district incorporated in the same resolution, even though the residents of such other district might be in favor of the transfer of the territory in their district. This would completely destroy the right of self-determination as to such transfers, which is assured each school district by the General Assembly through the use of the singular construction, already noted, of Section 3311.23, Revised Code.
To hold that a resolution may incorporate the transfer of more than one district would present a further complication in that, while a member of a county board of education might very well be in favor of one transfer of territory, he might be opposed to another, and if both were included in a single resolution he would be placed in the anomalous position that, if he is to achieve the transfer which he approves, he must approve the transfer which he disapproves.
It must be remembered that the transfer of each school district involves problems separate and distinct from those of any other district within the area and affects a definite and distinct segment of the population. Each segment has a legislative right to approve or disapprove the transfer of the territory in its own district, and the legislative policy is clear that each transfer shall be considered and disposed of as an individual unit.
Although this particular section has never been considered by this court, we have interpreted the analogue former section (Section 4696, General Code) providing for transfers of school territory by petition instigated by the inhabitants of the district sought to be transferred, which section was written in the same manner and with the same phraseology in the singular as the section now before us.
. This court in State, ex rel. Finley, v. County Board of Education, 124 Ohio St., 324, 178 N. E., 313, held that “Section 4696, General Code, does not authorize the inclusion in one petition, for transfer of territory, territory located in two separate school districts.”
Since that decision, the General Assembly has met many *96 times. These sections have been amended, and in 1943 the school code was completely recodified, and yet the General Assembly has not seen fit to change this particular phraseology.
Bearing in mind that a legislative body in enacting amendments is presumed to have in mind prior judicial constructions of the section, we reach the inescapable conclusion that the General Assembly intended that only one school district could be transferred in a single resolution.
It is, then, our conclusion that the Huron County Board of Education could not in the same resolution transfer territory located in two different school districts, and that such an attempted transfer and all subsequent proceedings taken pursuant thereto are invalid.
It follows that the demurrer to the petition must be sustained and, the parties having agreed that our decision on the demurrer shall be dispositive of the cause, the petition is dismissed and the writ of mandamus denied.

Demurrer sustained, petition dismissed and writ denied.

Weygandt, C. J., Zimmerman, Stewart and Bell, JJ., concur.
Taft and Herbert, JJ., dissent.